**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Traci A Rodriguez, | No. CV-24-01582-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Heather Marie Diaz, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Application to Proceed in the District Court Without Prepaying Fees or Cost (Doc. 2). Upon review, Plaintiff's Application, signed under penalty of perjury, indicates that Plaintiff is financially unable to pay the filing fee. The Court will grant Plaintiff's Application and allow her to proceed *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2), the Court will proceed to screen Plaintiff's Complaint (Doc. 1).

**I.   Legal Standard**

When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B). [1] In conducting this review, "section 1915(e) not only

---
[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners."

permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

Federal Rule of Civil Procedure 8(a) requires complaints to make "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court is mindful that it must "construe pro se filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

**II.   Discussion**

The Complaint here does not give any factual allegations and instead cites to a

---

*Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing Lopez v. Smith, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

string of federal statutes. (Doc. 1 at 4). Plaintiff states: "My promissory note was separated from the deed of trust, therefore making it void," and proceeds to cite to Title 31 U.S.C. § 5103. However, 31 U.S.C. § 5103 provides a definition of what is considered legal tender in the United States: "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues. Foreign gold or silver coins are not legal tender for debts." *See* 31 U.S.C. § 5103. Plaintiff then proceeds to cite "12 U.S.C. § 1813(l)," which is simply a definition for what counts as a deposit with a bank of the United States. *See* 12 U.S.C. § 1813(l). She also has "FDCP 15," "USC 1692"[2] and "UCC 11," listed under her statement of the claim. (Doc. 1 at 4). The statutes cited by Plaintiff apply in scenarios involving foreclosure actions. The Supreme Court of the United States has made it clear that the Fair Debt Collection Practices Act 15 U.S.C. § 1692, applies only to judicial foreclosures and not to non-judicial foreclosures. *See Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 475 (2019). Arizona has both judicial and nonjudicial foreclosures, but Plaintiff has not made it clear which one (if either) applies to her. *See* A.R.S. § 33-721; A.R.S. § 33-807. Under her statement of relief, she again cites to more federal statutes and Federal Rule of Civil Procedure 37. (Doc. 1 at 4). What is missing from her Complaint, however, are *factual* assertions tied to any federal statute that would state a federal cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[C]omplaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). Even with the statutes the Plaintiff has cited, she does not show how they are related to her claim. *See Twombly*, 550 U.S. at 555. There is, therefore, no claim showing that Plaintiff is entitled to any relief. *See* Fed. R. Civ. P. 8(a). The Court will dismiss the Complaint in its entirety.

### III. Leave to Amend

In accordance with the well-settled law in this Circuit, because "it is not

---

[2] While there is no FDCP 15, there is a FDCPA 15 U.S.C. § 1692, and the Court assumes that is what Plaintiff meant when she listed "FDCP 15" and "USC 1692" in her Complaint.

'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will grant her the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (en banc) (internal quotation marks and citations omitted) (holding that a *pro se* litigant must be given leave to amend her complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint); Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires[]").

If Plaintiff wishes to pursue this suit, she must amend her Complaint by making factual allegations showing she is entitled to relief. Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. There are examples of different types of complaints in the Federal Rules of Civil Procedure's appendix of forms (forms 11–21). The Court also recommends Plaintiff review the information available in the District Court's Handbook for Self-Represented Litigants, which is available online.

To be clear, Plaintiff's amended complaint "must articulate the exact legal theory of relief for each cause of action [she is] asserting by explaining: (1) the law or constitutional right [Plaintiff] believe[s] was violated; (2) the name of the party who violated that law or right; (3) exactly what that party did or failed to do; (4) how that action or inaction is connected to the violation of the law or any constitutional right; and (5) the exact injury [Plaintiff] suffered as a result of that conduct. [Plaintiff] must repeat this process for each theory underlying every specific cause of action." *Casavelli v. Johanson*, 2020 WL 4732145, at *10 (D. Ariz. Aug. 14, 2020).

Within thirty (30) days from the date of entry of this Order, Plaintiff may submit an amended complaint. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." This complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

Plaintiff should know "an amended complaint supersedes the original complaint and renders it without legal effect[.]" *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th

Cir. 2012) (en banc). After a plaintiff files an amended complaint, the Court treats the original complaint as if it did not exist. *Id.* at 925.

**IV. Warning**

Plaintiff is advised that if she elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). If Plaintiff fails to prosecute this action, or if he fails to comply with the rules or any court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed** with leave to file a First Amended Complaint within thirty (30) days of the date this Order is entered;

**IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint within thirty (30) days of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court; and

**IT IS FINALLY ORDERED** that if Plaintiff elects to file a First Amended Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 7th day of November, 2024.

Honorable Diane J. Humetewa
United States District Judge